# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 17, 2021

Lyle W. Cayce
Clerk

No. 20-20641
Summary Calendar

Medora Chetlin,

*Plaintiff—Appellant*,

*versus*

Exxon Mobil Oil Corporation,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CV-1986

Before Davis, Stewart, and Dennis, *Circuit Judges*.

Per Curiam:*

Medora Chetlin filed this suit against Exxon Mobil Oil Corporation ("Exxon") after it denied her claim for her deceased ex-husband's retirement benefits under the Employee Retirement Income Security Act of

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-20641

1974 ("ERISA"). The district court granted summary judgment in favor of Exxon. For the following reasons, we AFFIRM.

## I. Facts & Procedural History

Nathan Broussard was employed by Exxon from 1968 to March 1982. He was enrolled in the Mobil Oil Retirement Annuity Plan. Broussard and Chetlin were married the first six years that Broussard worked for Exxon and divorced in 1974. As a result of the divorce proceedings, Chetlin was awarded a community property interest in Broussard's retirement plan with Exxon. After Broussard left Exxon, the terms of the plan provided that he would be entitled to a straight life annuity of $241.46 a month after his calculated retirement date of January 1, 2008 plus his total contribution amount of $280.68. The plan further provided that, in the event of his death prior to January 1, 2008, Broussard's designated beneficiary, Chetlin, would receive his $280.68 contribution plus interest. Broussard passed away in February 2007, less than a year before his retirement date.

In November 2012, Exxon sent a letter to Chetlin informing her that she was eligible for a refund of Broussard's contribution plus interest. Chetlin responded to Exxon twice requesting information about his contribution but did not receive an immediate response. In August 2013, Exxon requested that Chetlin complete and return a form for a contribution refund along with Broussard's death certificate. The parties then ceased communicating with each other.

Approximately six years later in May 2019, Chetlin filed suit in state court against Exxon claiming that she was wrongfully denied Broussard's retirement benefits. Exxon removed to federal court based on ERISA preemption. Then in July 2019, Exxon sent Chetlin another letter denying her request for any benefits exceeding those detailed in its November 2012 letter, explaining that she was only entitled to a refund of Broussard's

contribution plus interest. Thus, Chetlin was due a lump sum payment of $3,311.96 as of August 1, 2019. Exxon explained that Chetlin was limited to Broussard's contribution plus interest because he was divorced at his date of death and there was no Qualified Domestic Relations Order in place that would have provided her with a spouse's benefit such as an annuity. The letter advised Chetlin that she had 60 days to appeal the benefits determination. She did not pursue an administrative appeal and instead filed this lawsuit.

Exxon filed a motion for summary judgment arguing that it was not the proper defendant, that Chetlin failed to exhaust her administrative remedies, and that its denial of benefits determination was supported by the record and the terms of Broussard's retirement plan. Chetlin responded that the terms Exxon claimed were in effect during Broussard's employment were not and that the administrative record was likely incomplete.

The magistrate judge issued a memorandum and recommendation to the district judge concluding that (1) Exxon was not the proper defendant and Chetlin's claims against it could be dismissed on that basis; (2) because it took seven years for Exxon to provide Chetlin with the information and documents she sought from the retirement plan and she had no other way to obtain the information needed to make a formal claim for benefits, she was excused on equitable grounds for failure to exhaust her administrative remedies; and (3) Exxon's determination that Chetlin was limited to a refund of Broussard's contribution plus interest was supported by the administrative record and the terms of the retirement plan. On these grounds, the magistrate judge recommended that Chetlin's claims be dismissed with prejudice.

The district court adopted the magistrate judge's memorandum and recommendation, agreeing that the benefits decision was proper and supported by the administrative record. The court declined to decide,

No. 20-20641

however, whether Exxon was the proper defendant on the basis that it was not the only determinative issue in the proceedings. The court noted that Chetlin's claim that the record was incomplete failed because she had the opportunity to further develop the record but had not done so. Accordingly, because Chetlin failed to present any evidence beyond speculation as to the accuracy of the plan's terms, her claims could not survive summary judgment. In light of this conclusion, the district court granted summary judgment in favor of Exxon and held that Chetlin was only entitled to a refund of Broussard's contribution plus interest.[1]

## II. Standard of Review

We review grants of summary judgment de novo. *West v. City of Houston*, 960 F.3d 736, 740 (5th Cir. 2020) (citing *Petzold v. Rostollan*, 946 F.3d 242, 247 (5th Cir. 2019)). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Although the evidence is reviewed in the light most favorable to the nonmoving party, it may not rely on "conclusional allegations and unsubstantiated assertions" as evidence. *West*, 960 F.3d at 740 (quoting *Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011)).

## III. Discussion

On appeal, Chetlin asserts that the district court erred in granting summary judgment because (1) there was a material dispute as to whether Exxon is the proper defendant; (2) the ERISA benefits determination was

---

[1] As the district court noted, this amount totaled $3,311.96 as of August 1, 2019 and continues to accrue interest until Chetlin receives payment.

No. 20-20641

incorrect; and (3) the administrative record was incomplete. We are unpersuaded by these arguments.

As a preliminary matter, the district court declined to hold whether Exxon was the proper defendant in these proceedings because it could decide the case on the basis that the benefits decision was correct and supported by the administrative record. We agree with this reasoning. Although Chetlin disagrees with the benefits decision here, she has failed to present evidence negating its accuracy. She alleges that the record is "likely" incomplete but, as the district court observed, she had ample time to develop the record prior to summary judgment but failed to do so. Exxon provided Chetlin with a copy of the retirement plan and an explanation of benefits available to Chetlin based on Broussard's contribution.[2] Chetlin's disagreement with Exxon's numbers is of no consequence because she provides no evidentiary support for her claim that the benefits determination is incorrect. Rather, she merely speculates that Exxon has not provided a complete and accurate record to support its calculations. As the district court properly concluded, that is not enough to survive summary judgment. *See West*, 960 F.3d at 740 ("[C]onclusional allegations and unsubstantiated assertions may not be relied on as evidence by the nonmoving party."). The district court did not err in granting summary judgment in favor of Exxon.

## IV. Conclusion

For the foregoing reasons, the district court's summary judgment is AFFIRMED.

---

[2] Chetlin argues that the retirement plan that Exxon provided from July 1982 may not be the plan in place at the time of Broussard's employment since he left Exxon in March of 1982. As the district court points out, however, Chetlin had the opportunity to resolve any discrepancies regarding the plan prior to summary judgment but failed to do so.